UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRIJESHKUMAR PATEL,

                Petitioner,                      Case No. 1:26-cv-690

v.                                     Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## OPINION

        Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

        In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.11.) In an order entered on March 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 4.) Respondents filed their response on March 11, 2026, but failed to submit a transcript or recording of the bond hearing as the order to show cause required. (ECF No. 5.) Petitioner filed his reply the same day. (ECF No. 6.) On March 20, 2026, the Court ordered Respondents to comply with the order to show cause by submitting transcripts or a recording of the bond hearing. (ECF No. 7.) On March 23, 2026, Respondents submitted a recording of the bond hearing.

## II.     Factual Background

Petitioner is a citizen of India who entered the United States in 2015 pursuant to a B-2 visa. (Pet., ECF No. 1, PageID.2.) That visa expired on February 9, 2016. (Notice to Appear, ECF No. 5-2, PageID.44.) On or about December 31, 2025, ICE agents arrested Petitioner in Michigan. (Pet., ECF No. 1, PageID.2.)

On January 29, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Recording of Jan. 29, 2026, Bond Hearing, at 0:03, filed Mar. 23, 2026.) At the conclusion of the January 29, 2026, hearing, the immigration judge found that Petitioner was a danger to the community and denied Petitioner's request for a change in custody status. (*Id.*, at 5:38–5:43.) The immigration judge's ruling was based on a then-pending criminal charge of retail theft.[1] (*Id.*, at 5:43–5:54.) In explaining the ruling, the immigration judge stated that it was "[Petitioner's] burden to show he's not a danger[.]" (*Id.*, at 5:56–5:59.) The immigration judge memorialized that ruling in a written order entered the same day. (Immigration Judge Order, ECF No. 1-3, PageID.22.)

---

[1] Petitioner asserts that he received six months of probation and the criminal charge was dismissed. (Pet., ECF No. 1, PageID.3.)

**III.    Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.    Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    April 13, 2026                    /s/ Jane M. Beckering
                                                           Jane M. Beckering
                                                           United States District Judge

3